**[J-85-2014] [MO: Saylor, J.]**
# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| MUTUAL BENEFIT INSURANCE COMPANY, | : No. 60 MAP 2014 |
| | : |
| | : Appeal from the order of the Superior Court |
| Appellant | : dated September 6, 2013, Reconsideration |
| | : Denied November 6, 2013, at No. 421 MDA |
| | : 2012 which Reversed/Remanded the order |
| v. | : of the Lancaster County Court of Common |
| | : Pleas, Civil Division, dated February 2, |
| | : 2012 at no. CI-10-02578. |
| CHRISTOS POLITSOPOULOS, | : |
| DIONYSIOS MIHALOPOULOS AND | : ARGUED:   October 7, 2014 |
| MARINA DENOVITZ, | : |
| | : |
| Appellees | : |

## CONCURRING OPINION

**MR. JUSTICE EAKIN**                                          **DECIDED:   May 26, 2015**

I concur, though I do not find the policy language ambiguous.   Both parties agree the property owners are "insureds" under the policy.   Majority Slip Op., at 2.   The separation-of-insureds provision provides the "insurance applies … [s]eparately to each insured against whom claim is made or suit is brought."   Commercial Umbrella Liability Policy, at 11 (emphasis omitted).   That is, the clear language of the policy separates each "insured" from the other.   As the restaurant is an insured distinct from the landowner, and as Ms. Denovitz was employed by the former, the employee-exclusion provision is inapplicable to the latter.   I would affirm the Superior Court on this basis.